IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JACQUELINE D. BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 06-217-GMS |
| | ) | |
| STATE OF DE DIVISION OF CHILD SUPPORT, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

At Wilmington this 29th day of July, 2006;

IT IS ORDERED that Jacqueline D. Berry's ("Berry") motion for appointment of counsel (D.I. 3) is DENIED without prejudice to renew. Berry, a *pro se* litigant proceeding *in forma pauperis*, has no constitutional or statutory right to appointed counsel. *See Ray Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). It is within this court's discretion to appoint the plaintiff an attorney, but only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). Having reviewed plaintiff's complaint, the court finds that her allegations are not of such a complex nature that representation by counsel is warranted at this time.

IT IS FURTHER ORDERED that Berry's motion to amend (D.I. 6) the ad damnum

clause to amend the amount of monetary relief from $100,000 to $2.5 million dollars is

GRANTED.

_____
UNITED STATES DISTRICT JUDGE