# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JACUELINE D. BERRY,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | **C.A. No. 06-217-GMS** |
| v. | : | |
| | : | |
| **STATE OF DELAWARE,** | : | |
| **DIVISION OF CHILD SUPPORT,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

## PLAINTIFF'S ANSWERING BRIEF TO DEFENDANT'S

## MOTION FOR SUMMARY JUDGMENT

**Daniel F. Tyrrell, Jr. (#4358)**
**9 Terra Drive**
**New Castle, DE 19720**
**(302) 765-7055**

**DATED: August 14, 2007**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………………3

NATURE AND STAGE OF PROCEEDINGS……………………………………4

SUMMARY OF THE ARGUMENT………………………………………………5

STATEMENT OF FACTS…………………………………………………………6

## ARGUMENT I

DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT
ON PLAINTIFF'S CLAIMS UNDER THE A.D.A. AS THE CLAIMS
ARE NOT BARRED BY THE ELEVENTH AMENDMENT TO THE
CONSTITUTION……………………………………………………………8

## ARGUMENT II

PLAINTIFF HAS ESTABLISHED A PRIMA FACIE CASE OF
DISCRIMINATION OR RETALIATION UNDER TITLE VII OR THE
EQUAL PAY ACT……………………………………………………………11

CONCLUSION………………………………………………………………..14

## TABLE OF AUTHORITIES

*Alden v. Maine,* 527 U.S. 706 (1999)………………………………………………….10

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986)………………………………9

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986)………………………………………9

*Corning Glass Works v. Brennan,* 417 U.S. 188 (1974)……………………………11

*Fuentes v. Perskie,* 32 F.3d 759 (3d Cir. 1994)……………………………………12, 13

*Hampton v. Borough of Tinton Falls Police Dept.,* 98 F.3d 107 (3d Cir. 1996)………9

*Jones v. Wilmington,* 2004 WL 1534778 (D.Del. June 14, 2004)……………………..13

*Matsushita Elec. Indust. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986)……………10

*McDonnell-Douglas v. Green,* 411 U.S. 792 (1973)………………………………………..12

*Sheridan v. DuPont,* 100 F.3d 1061 (3d Cir. 1996)……………………………………13

*St. Mary's Honor Center v. Hicks,* 509 U.S. 502 (1993)………………………………12

*Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248 (1981)…………………12

*Waldron v. SL Industries,* 56 F.3d 491 (3d Cir. 1995)…………………………….........12

<u>Statutes and Other Authorities</u>

Eleventh Amendment of the United States Constitution……………………………..10

Fourteenth Amendment of the United States Constitution…………………………..10

Fed. R. Civ. P. 56(c)…………………………………………………………………….9

29 U.S.C. § 206(d)(1)…………………………………………………………………..12

## NATURE AND STAGE OF THE PROCEEDINGS

On March 31, 2006, Jacqueline D. Berry, Plaintiff commenced this action by filing a complaint. (D.I. 1) On May 12, 2006, a summons was issued against the State of Delaware Division of Child Support.

On June 19, 2006, State of Delaware, Division of Child Support, Defendant answered the complaint and asserted a number of defenses. (D.I. 5)

On August 1, 2006, Plaintiff was permitted to amend her complaint. On August 4, 2006, Defendant filed an answer to the amended complaint. (D.I. 7, 9)

On August 30, 2006, this Honorable Court entered a Scheduling Order. (D.I. 10)

On September 5, 2006, Defendant filed and served interrogatories and request for production. (D.I. 11, 12)

On October 30, 2006, Plaintiff requested an extension of time from the Court to answer Defendant's discovery. (D.I. 14)

On January 17, 2007, defense counsel wrote to Plaintiff regarding the outstanding discovery. (D.I. 17)

On February 28, 2007, the Plaintiff was deposed. (D.I. 18)

On March 9, 2007, Defendant moved for an extension of discovery and to convene a telephone conference.

On May 2, 2007, Defendant moved for Summary Judgment in accordance with the Scheduling Order and filed its Opening Brief.

On June 11, 2007, Plaintiff, *pro se,* mistakenly filed Plaintiff's Opening Brief in Support of Summary Judgment.

4

On July 5, 2007, Defendant filed its Motion to Strike Plaintiff's Motion for Summary Judgment.

Thereafter, Plaintiff filed and was granted an extension to file an answering brief to Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment.

## SUMMARY OF THE ARGUMENT

### I

Plaintiff's claims under the A.D.A. are not barred by the Eleventh Amendment of the United States Constitution.

### II

To the extent Plaintiff states a legal claim for racial discrimination and retaliation under Title VII, the record demonstrates a prima facie case for the matter to go forward.

## STATEMENT OF THE FACTS

Plaintiff commenced employment with the State of Delaware in 1977 and has been employed with the State of Delaware in several different positions until she resigned in August 2005. (Berry 9, 63) Ms. Berry started at the Stokely Center in Georgetown, Delaware and worked as a Certified Nursing Assistant. She then worked at the Hospital for the Chronically Ill in Smyrna, Delaware. (Berry 16-17) In 2000, Plaintiff started her employment with the Division of Child Support, Child Support Enforcement, as a Child Support Specialist ["CSS"] in the Consumer Service Unit. (Berry 18-19) During the period from 1977 to 2005, she was continuously employed with the State of Delaware for 11 years, 1 month, and 15 days. (Berry 63-64)

On October 16, 2000, Plaintiff began her employment as a Child Support Specialist I with the Division of Child Support. In her position as a CSS, the Plaintiff was required to answer the telephone and type on a computer keyboard for the entire work day. Non-custodial parents, who are forced to pay child support, as well as custodial parents, who are receiving child support payments, would call on the telephone. (Berry 20-21) The single location for the Consumer Service Unit is located in New Castle. (Berry 19) Plaintiff was provided false information as to advancement and pay grade.

During 2003, Plaintiff transferred to Sussex County to be a case worker. Eight months thereafter she rejoined the Consumer Service Unit as a CSS in New Castle. (Berry 75)

7

Ms. Berry was out of work in June 2004 for bilateral carpal tunnel syndrome and female problems. (Berry 66) On November 8, 2004, Plaintiff was released to return to work by her treating physician with restrictions that precluded her work as a CSS.

On January 12, 2005, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Charge #170-2005-00401, against the State of Delaware, Division of Child Support.

In June 2005, Plaintiff was denied return to work with restrictions and applied for Long-Term Disability, which was denied.

Plaintiff attended a mediation session with the Division of Child Support on August 11, 2005. At that time, there was no agreement or settlement reached by the parties.

On November 17, 2005, Ms. Berry received Notice of Dismissal/Termination from the State of Delaware, Division of Child Support. Prior to that time, Plaintiff was subject to a hostile work environment, harassment, and retaliation by her then supervisor, Brenda Annand.

On January 2, 2006, Plaintiff received Dismissal and Notice of Rights from the Equal Employment Opportunity Commission.

On March 30, 2006, Ms. Berry commenced this action, *pro se,* by filing a Complaint in the United States District Court for the District of Delaware.

## ARGUMENT I

DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS UNDER THE A.D.A. AS THE CLAIMS ARE NOT BARRED BY THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

### Introduction:

Summary Judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pr. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A genuine issue of material fact is one that "may reasonably be resolved in favor of either Party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 259 (1986). The moving Party bears the initial burden of demonstrating the absence of material issues of fact. *Celotex Corp.,* at 323. The moving Party need not support its motion with affidavits or other documents disproving the nonmoving Party's claim, but need only "show - - that is point out to the District Court - - that there is an absence of evidence to support the nonmoving Party's case." *Id.,* at 325. The nonmoving Party must demonstrate the existence of a genuine issue of material fact. *Id.,* at 314. The District Court is required to construe the evidentiary record so as to give the nonmoving Party reasonable factual inferences. *Hampton v. Borough of Tinton Falls Police Dept.,* 98 F.3d 107, 112 (3d Cir. 1996). Summary judgment should only be granted if the court finds, after considering all of the evidence, that no reasonable trier of

9

fact could find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986).

For the reasons that follow, the Defendant is not entitled to judgment as a matter of law as to Plaintiff's claim of violation of the Americans with Disability Act ["A.D.A."]. (Complaint ¶ 10, D.I. 1)

### (a) The Eleventh Amendment:

The Eleventh Amendment to the United States Constitution provides:

The Judicial power of the United States shall not be construed to extend to any Suit in law or equity, commenced or prosecuted against one of the United States By Citizens of another State, or by Citizens or Subjects of any Foreign State.

In describing the immunity of States, the Supreme Court observed that "Eleventh Amendment immunity ... is convenient shorthand but something of a misnomer, for the sovereign immunity of the States neither derives from nor is limited by, the terms of the Eleventh Amendment." *Alden v. Maine,* 527 U.S. 706, 713 (1999) "[T]he State's immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today except as altered by the plan of the Convention or certain constitutional Amendments. *Id.*

The plain meaning of the Eleventh Amendment only bars suits "commenced or prosecuted against one of the United States by Citizens of *another State...*" Accordingly, the Plaintiff in the instant case should not be barred, because she is a citizen of the State of Delaware, which is the Defendant in the instant action. Furthermore, there is factual basis for the Title VII claims and, therefore Defendant is not entitled to judgment as a matter of law.

### (b) Equal Pay Act

10

Plaintiff alleges a claim under the Equal Pay Act. (Complaint ¶ 10, D.I. 1) There are genuine issues of material fact with regards to wage difference between male and female employees in the Child Support Specialist position at the Division of Child Support, State of Delaware. Thus, Plaintiff has established a prima facie case under the Equal Pay Act. 29 U.S.C. § 206(d)(1); *Corning Glass Works v. Brennan,* 417 U.S. 188, 195 (1974).

Defendant is not entitled to judgment under the Equal Pay Act.

## **ARGUMENT II**

PLAINTIFF HAS ESTABLISHED A PRIMA FACIE CASE OF DISCRIMINATION OR RETALIATION UNDER TITLE VII AND THE EQUAL PAY ACT.

### **(a)    Race Discrimination**

For a claim under Title VII, the legal analysis is well-settled. Since Ms. Berry has established a prima facie case as set forth under *McDonnell-Douglas v. Green*, 411 U.S. 792 (1973).

A Plaintiff may rely upon indirect evidence that race was a *motivating factor* in an employment action under the *McDonnell-Douglas* analysis. The Plaintiff is required to produce evidence that (1) she is a member of a protected class, that (2) she was qualified for the position at issue, and that (3) any adverse employment action for the position was "under circumstances that give rise to an *inference* of unlawful discrimination." *Waldron v. SL Industries*, 56 F.3d 491, 494 (3d Cir. 1995) (citing *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). Upon the production of evidence to establish the Plaintiff's prima facie case, the burden then shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for the adverse action. *McDonnell-Douglas v. Green*, 411 U.S. 792, 802 (1973). The Defendant need not show that the articulated reason motivated the purported adverse action. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994). Once the Defendant has articulated a reason, the burden shifts back to the Plaintiff, who must prove that the reason for the Defendant articulated was a *pretext* and that the purported adverse action was in fact racially motivated. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 512 (1993). To overcome a Defendant's Motion for Summary Judgment, the Plaintiff must be able to point to some evidence from

12

which a trier of fact could reasonably either disbelieve the Defendant's articulated legitimate reason for the purported adverse action or believe that an invidious discriminatory reason was more likely than not the motivating or determinative cause of the purported adverse action. *Fuentes v. Perrskie,* 32 F.3d at 764; *Sheridan v. DuPont,* 100 F.3d 1061, 1067 (3d Cir. 1996). However, the Plaintiff may not rely upon evidence that members of the protected class were generally treated differently, such generalizations are not relevant to the question whether others not in the protected class were treated more favorably. *Jones v. Wilmington,* 2004 WL 1534778 at * 5, n.8 (D.Del June 14, 2004).

In the present matter the Defendant concedes that Plaintiff is a member of a protected class. Plaintiff has identified adverse employment action and retaliation due to commencing the Equal Opportunity Employment Commission administrative proceeding in January 2005.

## CONCLUSION

For the above reasons, the Defendant is not entitled to judgment pursuant to Rule 56(c) as a matter of law on the complaint or amended complaint.

Respectfully submitted,

Daniel F. Tyrrell, Jr. (#4358)
9 Terra Drive
**New Castle, DE 19720**
**(302) 765-7055**
**Attorney for Plaintiff**

13

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **JACUELINE D. BERRY,** | : |
| | : |
| Plaintiff, | : |
| | : **C.A. No. 06-217-GMS** |
| vi. | : |
| | : |
| **STATE OF DELAWARE,** | : |
| **DIVISION OF CHILD SUPPORT,** | : |
| | : |
| Defendant. | : |
| | : |

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on August 14, 2007, he caused the attached document to be delivered to the following person postage prepaid via First Class Mail:

NAME AND ADDRESS OF RECIPIENT(S):

Marc P. Niedzielski, Esquire
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801

**Daniel F. Tyrrell, Jr. (#4358)
9 Terra Drive
New Castle, DE 19720
(302) 765-7055
Attorney for Plaintiff**