**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JACQUELINE D. BERRY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A.No. 06-217-GMS |
| | : | |
| STATE OF DELAWARE, | : | |
| DIVISION OF CHILD SUPPORT, | : | |
| | : | |
| Defendant. | : | |

**<u>DEFENDANT'S REPLY BRIEF IN SUPPORT</u>**

**<u>OF SUMMARY JUDGMENT AND MOTION TO STRIKE</u>**

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

Marc P. Niedzielski (# 2616)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302)  577-8400

DATED: August 31, 2007

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................3

STATEMENT ON PRESENT PROCEEDINGS .................................................................4

## **ARGUMENT I.**

DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS UNDER THE ADA AND THE FAIR LABOR STANDARDS ACT AS THE CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT TO THE CONSTITUTION ........................................6

## **ARGUMENT II.**

PLAINTIFF HAS FAILED TO ESTABLISH A PRIMA FACIE CASE OF DISCRIMINATION OR RETALIATION UNDER TITLE VII OR THE EQUAL PAY ACT ......................................................................................................8

CONCLUSION ........................................................................................................................11

# **TABLE OF AUTHORITIES**

*Alden v. Maine*, 527 U.S. 706 (1999) ............................................................................7

*Board of Trustees v. Garrett*, 531 U.S. 356 (2001) .......................................................7

*Edelman v. Jordan,* 415 U.S. 651 (1974) .......................................................................7

*Fuentes v. Perskie*, 32 F.3d 759 (3d Cir. 1994) .............................................................8

*Harris v. Forklift Sys. Inc.,* 510 U.S. 17 (1993)..............................................................9

*Jensen v. Potter,* 435 F.3d 444 (3d Cir. 2006)................................................................9

*McDonnell-Douglas v. Green*, 411 U.S. 792 (1973) .....................................................8

*Sheridan v. DuPont*, 100 F.3d 1061 (3d Cir. 1996).......................................................8

*Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248 (1981) ............................8

*Waldron v. SL Industries*, 56 F.3d 491 (3d Cir. 1995)...................................................8

Statutes and Other Authorities

Eleventh Amendment of the United States Constitution ......................................*passim*

29 U.S.C. § 206(d)(1)....................................................................................................10

Fed. R. Civ. P. 56(c).......................................................................................................11

**STATEMENT ON PRESENT PROCEEDINGS**

On May 2, 2007, defendant moved for summary judgment in accordance with the Scheduling Order[1], filed and served its Opening Brief. (D.I. 24, 25) On May 30, 2007, defendant notified the Clerk's office that it was waiving its right to file a reply brief as plaintiff had not filed and served an answering brief. (D.I. 26)

On June 5, 2007, the Court ordered the plaintiff to answer the defendant's motion for summary judgment within 10 days and the compliance date was set to be June 15, 2007. (D.I. 27) On June 20, 2007, defense counsel received documents entitled: Plaintiff's Motion for Summary Judgment, Plaintiff's Opening Brief In Support of Summary Judgment and a number of attached documents. (D.I. 29) Plaintiff had not requested leave to file a summary judgment motion after the deadline had passed on May 2, 2007.

On July 6, 2007, defendant moved by amended motion to strike plaintiff's motion for summary judgment. (D.I. 30) On July 16, 2007, the plaintiff moved for an extension of time for which to respond to defendant's Amended Motion to Strike. The defendant did not oppose a reasonable extension of time for plaintiff to respond to its Amended Motion to Strike.

On July 19, 2007, the Court granted plaintiff a 30 day extension to respond to defendant's Amended Motion to Strike. (D.I. 33, ¶ 1)

---

[1] Paragraph 5 of the Court's Scheduling Order of August 30, 2006 provides: "All summary judgment motions, with accompanying briefs and affidavits, if any, shall be served and filed on or before May 2, 2007." (D.I. 10)

- 5 -

On August 15, 2007, plaintiff through counsel filed: "Plaintiff's Answering Brief to Defendant's Motion for Summary Judgment." (D.I. 35)

This is defendant's Reply Brief on its Amended Motion to Strike (D.I. 30) and on its Motion for Summary Judgment (D.I. 24, 25).

## ARGUMENT I.

DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS UNDER THE ADA AND THE FAIR LABOR STANDARDS ACT AS THE CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT TO THE CONSTITUTION.

**Defendant's motion to Strike (D.I. 30):**

The plaintiff was given an extension to file a response to defendant's Amended Motion to Strike her Opening Brief for Summary Judgment (D.I. 30). Plaintiff's Answering Brief contains a single passing reference to the subject matter of defendant's Amended Motion to Strike. On page 4, plaintiff indicates that she "mistakenly filed Plaintiff's Opening Brief in Support of Summary Judgment." Accordingly, defendant's Amended Motion to Strike her Opening Brief in Support of Summary Judgment should be granted.

Plaintiff has not requested nor has she been granted leave to file an Answering Brief to defendant's May 2, 2007 Motion for Summary Judgment beyond the terms of the Scheduling Order. (D.I. 10)   Nevertheless, defendant will respond to plaintiff's arguments in her Answering Brief without waiving the violations of the Scheduling Order.

**(a)    The Eleventh Amendment:**

The parties are in agreement that the standard for summary judgment is correctly set forth in defendant's Opening Brief at pages 8 and 9. (D.I. 25) However, plaintiff contends that her claims under the ADA are not subject to the Eleventh Amendment immunity as she is a citizen of Delaware and therefore not

subject to the jurisdictional limitations of that Amendment. The plaintiff's argument is legally mistaken as the Supreme Court has held that lawsuits by a State's own citizens are also barred. *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974) ["While the [Eleventh] Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by its own citizens as well as by citizens of another State." (citations omitted)]

Moreover, when plaintiff commenced this lawsuit on March 31, 2006, she was a citizen of North Carolina and would come under the literal proscription of the Eleventh Amendment. See docket entries 1 – 14.

Accordingly, without regard to plaintiff's state citizenship, defendant is entitled to summary judgment as to ADA claims by plaintiff under *Board of Trustees v. Garrett*, 531 U.S. 356 (2001).

Additionally, the Eleventh Amendment precludes liability by the State for any Fair Labor Standards Act (29 U.S.C. § 201 et seq.) as Congress was without constitutional authority to make states subject to the suit by individuals. *Alden v. Maine*, 527 U.S. 706 (1999)[2]. Defendant is entitled to summary judgment as to plaintiff's Equal Pay Act Claims.

---

2 Cited by plaintiff is her Answering Brief at 10.

## **ARGUMENT II.**

PLAINTIFF HAS FAILED TO ESTABLISH A PRIMA FACIE CASE OF DISCRIMINATION OR RETAILATION UNDER TITLE VII OR THE EQUAL PAY ACT.

### **(a) Race Discrimination**

The parties are in complete agreement that the legal analysis for a plaintiff's race discrimination claim under Title VII is well-settled and since plaintiff has not identified any direct evidence of discrimination, she must establish a prima facie case as set forth under *McDonnell-Douglas v. Green*, 411 U.S. 792 (1973). (compare, Defendant's Opening Brief at 11-12 (D.I. 25) to Plaintiff's Answering Brief at 12-13 (D.I. 35).

Plaintiff does not point to any evidence in the record to make out a prima facie case. She does point out that defendant concedes that she is a member of a protected class, but offers no evidence of any adverse employment action that was "under circumstances that give rise to an inference of unlawful discrimination." *Waldron v. SL Industries*, 56 F.3d 491, 494 (3d Cir. 1995) (citing *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253 (1981). A plaintiff may withstand a motion for summary judgment only if the plaintiff is able to point to some evidence, direct or circumspect, from which a fact-finder could reasonably either disbelieve the defendant's articulated legitimate reason for the purported adverse action or believe that an invidious discriminatory reason was more likely than not the motivating or determinative cause of the purported adverse action. *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994); *Sheridan  v. DuPont*, 100 F.3d

1061, 1067 (3d Cir. 1996). Plaintiff testified that she voluntarily resigned from DCSE on August 15, 2005 to take another position with the North Carolina Division of Child Support Enforcement. (Berry Tr. 6-9 [D.I. 25-2])

Regarding her workplace complaints, plaintiff complains that one of her former first-line supervisors yelled at her on some number of occasions. She does not even attempt to make a showing that her former workplace was "permeated with discriminatory intimidation, ridicule, and insult … that was sufficiently severe or pervasive to alter the conditions" of her former employment. *Harris v. Forklift Sys. Inc.*, 510 US 17, 21 (1993). Nor does the record contain any evidence that plaintiff complained about that first-line supervisor yelling at her on occasion. Nor is there any evidence that supervisor was a supervisor for Title VII purposes to establish agency on the part of DCSE. Instead, the record is undisputed that only the Director of DCSE or Secretary of DHSS have the "authority to hire, fire, demote, promote, transfer or discipline an employee." (Declaration of Charles E. Hayward [D.I. 25-3]); (citations omitted) *Jensen v. Potter*, 435 F.3d 444, 453 n. 4 (3d Cir. 2006).

There is no factual or legal basis for plaintiff's Title VII claims and the defendant is entitled to summary judgment.

**(b)** **Equal Pay Act**

Aside from Eleventh Amendment immunity as set out above, there is no evidence in the record that would support a claim under the Equal Pay Act. (Complaint ¶ 10, D.I. 1) In her Answering Brief at 11, plaintiff contends that

"there are genuine issues of material fact with regards to wage difference between male and female employees…", but nowhere in her brief does she point to evidence to support this assertion. In fact, there is no evidence of wage difference between male and female employees in the Child Support Specialist position at DCSE and defendant is entitled to summary judgment for plaintiff's claims under the Equal Pay Act. 29 U.S.C. § 206(d)(1).

Defendant is entitled to judgment in its favor as a matter of law under plaintiff's Equal Pay Act claim.

## CONCLUSION

For the above reasons, the defendant is entitled an order striking Plaintiff's Opening Brief in Support of Summary Judgment (D.I. 29) and to judgment pursuant to Rule 56(c) as a matter of law on the complaint or amended complaint.

Respectfully submitted,

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8324
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JACQUELINE D. BERRY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A.No. 06-217-GMS |
| | : | |
| STATE OF DELAWARE, | : | |
| DIVISION OF CHILD SUPPORT, | : | |
| | : | |
| Defendant. | : | |

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on August 31, 2007, he caused the attached document to be delivered to the following person postage prepaid via First Class Mail:

NAME AND ADDRESS OF RECIPIENT(S):

Daniel F. Tyrrell, Esquire
9 Terra Drive
New Castle, DE  19720

/s/ Marc P. Niedzielski
Marc P. Niedzielski, I.D. No. 2616
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302)577-8400
Attorney for Defendant