IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JACQUELINE D. BERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-217 GMS |
| | ) |
| STATE OF DELAWARE, DIVISION | ) |
| OF CHILD SUPPORT, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM**

**I.     INTRODUCTION**

On March 31, 2006, Jacqueline D. Berry ("Berry") filed this employment discrimination suit *pro se* against the State of Delaware, Department of Health & Social Services, Division of Child Support Enforcement ("DCSE" or "the defendant"). (D.I. 1.) Berry brings claims under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., and the Americans with Disabilities Act, 42 U.S.C. §§ 12111-12117 ("ADA"). Berry, an African-American female, alleges that she was subjected to a hostile work environment, harassment, and retaliation by her then-supervisor. Berry also claims that she was denied reasonable accommodation for her disability. Finally, Berry alleges impermissible wage differences between men and women employed in Berry's former position at DSCE. Now before the court is the defendant's motion for summary judgment on all claims, the plaintiff's motions for a protective order and for summary judgment, and the defendant's

motion to strike the plaintiff's own motion for summary judgment. For the reasons that follow, the court will grant the defendant's motion for summary judgment, and deny the plaintiff's motions and the defendant's motion to strike as moot.

## II. BACKGROUND

Berry's intermittent[1] employment with the State of Delaware began in 1977 as a Certified Nursing Assistant. In 2000, Berry became employed by the DCSE in the Consumer Service Unit, located in New Castle County, as a Child Support Specialist ("CSS"). This position required typing on a computer keyboard and answering the telephone calls of non-custodial parents paying child support, as well as custodial parents receiving child support, throughout the workday. During 2003, Berry transferred within DSCE to Sussex County to be a case worker. She then returned to her CSS position at the Consumer Service Unit eight months later.

In June 2004, Berry became unable to perform her CSS duties due to the onset of bilateral carpal tunnel syndrome and an unrelated surgery. On November 4, 2004, Berry's treating physician released her to return to work but imposed restrictions precluding her from working as a CSS. On January 12, 2005, Berry filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against the DSCE. In June 2005, Berry was assigned to the defendant's tax intercept unit as an alternative duty assignment. That same month, Berry applied for and was denied State disability. On August 15, 2005, Berry tendered her resignation by telephone to the Human Resources Representative for DSCE. She informed the State that she had received employment with the North Carolina Division of Child Support

---

[1] Between 1977 and 2005, when Berry resigned, Berry was continuously employed with the State for only 11 years, 1 month, and 15 days.

Enforcement.

Before she resigned, Berry alleges, she was "subject to a hostile work environment, harassment, and retaliation by her then supervisor, Brenda Annand."[2] (D.I. 35 at 8.) During her time at the Consumer Service Unit, Berry was also allegedly "provided false information as to advancement and pay grade."[3] (D.I. 35 at 11.) On March 30, 2006, based on these allegations, Berry commenced this action *pro se*.[4]

## III.  LEGAL STANDARD

A grant of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Biener v. Calio*, 361 F.3d 206, 210 (3d Cir. 2004). In reviewing summary judgment decisions, the Third Circuit views all evidence and draws all inferences in the light most favorable to the non-movant, affirming only if no reasonable jury could find for the non-moving party. *See Whiteland Woods, L.P. v. Twp. of West Whiteland*, 193 F.3d 177, 180 (3d Cir. 1999). Thus, a trial court should grant summary judgment only if it determines that no "reasonable jury could return a verdict for the non-moving party," that is, that there is no genuine issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party must "present affirmative evidence" to establish the existence of a genuine issue. *Liberty Lobby*, 477 U.S. at 257. When the non- movant has failed to do so, it may be said that

---

[2] Berry does not cite to any record evidence that would support a hostile work environment, harassment, or retaliation claim in her brief. (D.I. 35.)

[3] Again, Berry does not cite to record evidence supporting this claim.

[4] Berry subsequently obtained counsel before filing her answering brief in opposition to the defendant's summary judgment motion now before the court.

the record as a whole points in one direction and the dispute is not "genuine." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## IV.     DISCUSSION

### A.     Berry's Claims Under Title VII

Under Title VII, it is unlawful for any employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Berry claims that she was subjected to racial discrimination, harassment, and retaliation in violation of Title VII.

#### 1.     Discrimination on the Basis of Race

Courts analyze Title VII discrimination claims under the three-step burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 793 (1973). Under *McDonnell Douglas*, a plaintiff must first establish a prima facie case by showing that: (1) she is a member of a protected class; (2) she is qualified for the position; (3) she suffered an adverse employment action despite being qualified; and (4) the action occurred under circumstances giving rise to an inference of unlawful discrimination, such as when non-members of the protected class are treated more favorably than the plaintiff. *Sarullo v. United States Postal Servs.*, 352 F.3d 789, 797 (3d Cir. 2003); *Miller v. Delaware Dep't of Prob. & Parole*, 158 F. Supp. 2d 406, 410-11 (D. Del. 2001), *aff'd* 2002 U.S. App. LEXIS 15310 (3d Cir. 2002). If the plaintiff makes this prima facie showing, the burden then shifts to the defendant to provide one or more legitimate, non-discriminatory reasons for its employment decision. *Id.* If the defendant

does so, the presumption of discrimination is rebutted. The burden then shifts back once more, and the plaintiff must prove that the employer's reasons for its employment decision were pretextual – that is, that the stated reasons are false and that the true reason for the employment decision was discriminatory. *Id.* If the plaintiff cannot carry this burden, the defendant is entitled to summary judgment. *Stafford v. Noramco of Delaware, Inc.*, 2000 WL 1868179, at *1 (D. Del. Dec. 15, 2000).

Here, Berry has established that she is a member of a protected class. Berry next asserts that she has "identified [an] adverse employment action and retaliation due to commencing the Equal Employment Opportunity Commission ["EEOC"] administrative proceeding in January 2005." (D.I. 35 at 13.) Besides this one-sentence, conclusory mention of her EEOC claim, however, Berry fails to present a single piece of affirmative evidence that would allow a reasonable juror to find in her favor as to the remaining elements of a prima facie showing of discrimination. As such, she has failed to present a triable issue of fact with regard to the alleged discrimination. Therefore, DSCE is entitled to summary judgment on this claim.

### 2. Retaliation

Berry also claims that she was subject to retaliation in violation of Title VII. An employer cannot "discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Courts analyze claims under this provision using the *McDonnell-Douglas* burden-shifting framework

discussed above. To establish a prima facie retaliation claim, the plaintiff must show a "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Kachmar v. SunGard Data Sys.*, 109 F.3d 173, 177 (3d Cir. 1997). Here, Berry has presented no affirmative evidence as to any of these elements of her prima facie retaliation claim. Berry thus creates no genuine issue of material fact regarding retaliation. Accordingly, DSCE is also entitled to summary judgment on this claim.

### B. Berry's Claims Under the ADA and the Equal Pay Act

In addition to her Title VII claims, Berry contends that DCSE failed to provide her reasonable accommodation for her disability under the ADA. Berry also alleges wage differences between male and female employees in the CSS position in violation of the Equal Pay Act, 29 U.S.C. § 206(d)(1). The defendant argues that both of these claims are barred by the Eleventh Amendment to the Constitution of United States. Berry counters that, while the Eleventh Amendment may bar suits brought by citizens of other states, it does not prevent suits against Delaware brought by the state's *own* citizens.[5]

It is well settled, however, that "an unconsenting State is immune from suits brought in federal courts by [the State's] own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 662-63 (1974). This is so because the States' immunity from suit "neither derives from nor is limited to the terms of the Eleventh Amendment": such immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the

---

[5] The amendment in question reads: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI.

Constitution, and which they retain today" except as abrogated by the Constitution or certain constitutional Amendments. *Alden v. Maine*, 527 U.S. 706, 711-13 (1999). Therefore, Berry's ADA claim against the defendant is barred by the 11th Amendment. *Board of Trustees v. Garrett*, 531 U.S. 356 (2001) (ADA claims against non-consenting States barred by 11th Amendment); *cf. Alden v. Maine*, 527 U.S. at 711 (Congress cannot abrogate, using its Article I powers, non-consenting States' immunity to private suits for damages); *Koslow v. Pennsylvania*, 302 F.3d 161, 167-68 (3d Cir. 2002) (discussing *Garrett*).

Contrary to the defendant's contentions, however, Congress does have the power under § 5 of the Fourteenth Amendment to prohibit sex discrimination in employment. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976). And Congress has in fact exercised this power by applying the Equal Pay Act to state and local entities in their roles as employers. *Arnold v. BLaST Intermediate Unit 17*, 843 F.2d 122, 126 (3d Cir. 1988) (citing *Fitzpatrick v. Bitzer*). Since Congress has abrogated Delaware's immunity from suit with respect to the Equal Pay Act, Berry's claim is not barred on sovereign immunity grounds. Thus, the court turns to the provisions of the Act itself.

The Equal Pay Act prohibits sex discrimination in wages. It provides that

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings

> by quantity or quality of production; or (iv) a differential based on any other factor other than sex ….

29 U.S.C. § 206(d)(1). In this case, Berry has failed to present any evidence that DSCE in fact paid wages to male employees at rates different from those paid to women. As such, Berry fails to create a triable issue of fact as to her Equal Pay Act claim. Thus, summary judgment is appropriate on this claim as well.

### C. The Remaining Motions

Because the court will grant summary judgment to the defendants on all claims, the plaintiff's motions for summary judgment and for a protective order, and the defendant's motion to strike, have become moot.

### V. CONCLUSION

For the reasons just stated, the court will grant the defendant's motion for summary judgment, and deny all other motions as moot.

Dated: April 1, 2008

/s/ Gregory M. Sleet
CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JACQUELINE D. BERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 06-217 GMS |
| ) | |
| STATE OF DELAWARE, DIVISION ) | |
| OF CHILD SUPPORT, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendant's Motion for Summary Judgment is GRANTED.

2. The plaintiff's Motion for Protective Order (D.I. 21), Motion for Summary Judgment (D.I. 29), and the defendant's Amended Motion to Strike (D.I. 30) are DENIED as moot.

3. The Clerk of Court is directed to close this case.

Dated: April 1, 2008

/s/ Gregory M. Sleet
CHIEF, UNITED STATES DISTRICT JUDGE